UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNA NORMAN, O/B/O M.K, a minor child,<br><br>                    Plaintiff,<br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | NO:  CV-12-3085-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 20, 20.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, and the administrative record.

## JURISDICTION

Plaintiff Shawna Norman protectively filed for Supplemental Security Income ("SSI") on behalf of M.K, a minor child, on January 15, 2008.  (Tr. 18.) Plaintiff alleged an onset date of January 12, 2000.  (Tr. 108.)  Benefits were denied initially and on reconsideration.  On December 5, 2008, Plaintiff timely

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

requested a hearing before an administrative law judge ("ALJ").  (Tr. 78-80.)  A

hearing was held before ALJ Moira Ausems on August 5, 2010.  (Tr. 51.)  Plaintiff

was represented by counsel Chat Hatfield.  (Tr. 18.)  Testimony was taken from

Kent Layton, M.D., a medical expert, and Shawna Norman, the Plaintiff and

mother of the claimant.  (Tr. 18, 38-39.)  On October 22, 2010, ALJ Ausems issued

a decision finding the Plaintiff not disabled.  (Tr. 18-33.)  The Appeals Council

denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42

U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts

and record and will only be summarized here.  The claimant was eight years old

when his mother applied for benefits and was ten years old when ALJ Ausems

issued her decision.  The claimant currently is a student who lives with his mother

and mother's boyfriend.  The Plaintiff alleges that the claimant suffers from

attention deficit hyperactivity disorder ("ADHD"), insomnia, anxiety, depression,

and myriad physical restrictions, including difficulties gaining weight and slow

growth.  The Plaintiff argues that these mental and physical limitations are

functionally equivalent to the listings.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105, which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).

The regulations provide a three-step process in determining whether a child is disabled.  First, the ALJ must determine whether the child is engaged in substantial gainful activity.  20 C.F.R. § 416.924(b).  If the child is not engaged in substantial gainful activity, then the analysis proceeds to step two.  Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe.  20 C.F.R. § 416.924(c).  The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations."  *Id*. If, however, there is a finding of severe impairment, the analysis proceeds to the final step which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal, or functionally equal" the severity of a set of criteria for an impairment in the listings.  20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas.  20 C.F.R. § 416.926a(a).  To determine functional equivalence, the following six domains, or broad areas

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

of functioning, are utilized:  acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being.  20 C.F.R. § 416.926a.

## ALJ'S FINDINGS

ALJ Ausems found that M.K was born on January 12, 2000, and was a school-age child on the application date of January 15, 2008, and the decision date of October 22, 2010.  (Tr. 21.)  At step one of the three-step sequential evaluation process, the ALJ found M.K. has not engaged in substantial gainful activity since January 15, 2008, the application date.  (Tr. 21.)  At step two, the ALJ found that M.K. had the severe impairment of ADHD with insomnia.  (Tr. 21.)  At step three, the ALJ found that the M.K.'s impairment did not meet or medically equal any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 22.)  The ALJ further found that M.K.'s impairment did not functionally equal the listings.  (Tr. 22.)  Accordingly, the ALJ concluded that M.K. was not disabled for purposes of the Social Security Act.  (Tr. 32.)

## ISSUES

The question before the Court is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, the Plaintiff argues that the ALJ erred by improperly rejecting the opinions of M.K's reviewing doctors and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

rejecting the testimony of M.K.'s mother, Ms. Norman.  Ms. Norman further

argues that the ALJ erred by finding that M.K.'s impairments did not functionally

equal any listing.

## DISCUSSION

Where a child's impairment does not meet or equal one of the Listings, his

impairments are evaluated under a functional equivalency standard. 20 C.F.R.

§ 416.926a.  To be functionally equivalent, an impairment must "result in 'marked'

limitations in two domains of functioning or an 'extreme' limitation in one

domain."  20 C.F.R. § 416.926a(a).  The domains of functioning are: (1) acquiring

and using information; (2) attending and completing tasks; (3) interacting and

relating to others; (4) moving about and manipulating objects; (5) caring for

oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

A limitation is marked where an impairment "interferes seriously with your

ability to independently initiate, sustain, or complete activities."  20 C.F.R.

§ 416.926a(e)(2)(i).  Marked limitations are "'more than moderate' but 'less than

extreme.'"  *Id.* § 416.926a(e)(2)(i).  A limitation is extreme where an impairment

"interferes very seriously with your ability to independently initiate, sustain, or

complete activities."  *Id.* § 416.926(e)(3)(i).

The ALJ is responsible for deciding functional equivalence after

consideration of all evidence submitted. 20 C.F.R. § 416.926a(n).  The Regulations

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

list the information and factors that will be considered in determining whether a child's impairment functionally equals a Listing. 20 C.F.R. § 416.926a; 20 C.F.R. § 416.924a, .924b.  In making this determination, the Commissioner considers test scores together with reports and observations of school personnel and others. 20 C.F.R. § 416.924a(a); 20 C.F.R. § 416.926a(e)(4)(ii).  The ALJ also considers how much extra help the child needs, how independent he is, how he functions in school, and the effects of treatment, if any. 20 C.F.R. § 416.926a(b).  In evaluating this type of information, the ALJ will consider how the child performs activities as compared to other children his age who do not have impairments. 20 C.F.R. § 416.926a(b).  This information comes from examining and non-examining medical sources as well as "other sources," such as parents, teachers, case managers, therapists, and other non-medical sources who have regular contact with the child. See, e.g., 20 C.F.R. § 416.913(c)(3), (d); Social Security Ruling (SSR) 98–1p, IV.B. (Sources of Evidence).

The Plaintiff argues that the ALJ erred by failing to find that M.K. suffered marked limitations in at least two of three areas: (1) acquiring and using information; (2) attending and completing tasks; and (3) health and physical well-being.  The claimant further argues that in failing to find marked limitations in at least two of these three areas, the ALJ failed to appropriately weigh medical and lay evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**Acquiring and Using Information**

Limitations affecting a child's ability to acquire and use information are comprised of limitations to the acquisition of knowledge and limitations to the use of that knowledge.  20 C.F.R. § 416.926a(g)(1)(i)-(ii); SSR 09-3p.  A typically functioning school-age child is expected to (1) learn to read, write and do simple arithmetic; (2) become interested in new subjects and activities; (3) demonstrate learning by producing oral and written projects, solving arithmetic problems, taking tests, doing group work, and entering into class discussions; (4) apply learning in daily activities; and (5) use increasingly complex language.  SSR 09-3p.

As an initial matter, the Plaintiff argues that the ALJ failed to give appropriate weight to the testimony of the M.K.'s mother, Ms. Norman.  As a parent, Ms. Norman is a lay witness who is considered an "other source" for purposes of the social security regulations.  20 C.F.R. § 416.913(d)(4).  Such "other source" testimony may be rejected if the ALJ gives reasons germane to each witness.  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Ms. Norman testified that M.K. needs constant attention to ensure that he does not become distracted.  (Tr. 53-54.)  Ms. Norman described how M.K. would attempt to do "10 or 20 things at a time" and become frustrated when he could not.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

(Tr. 55.)  According to Ms. Norman, she receives one to two phone calls a week from M.K.'s school describing disruptive behavior and fights.  (Tr. 56.)

ALJ Ausems gave Ms. Norman's testimony "some weight," (Tr. 24), but found that her testimony often stood in contrast to the medical record.  The ALJ noted that, while M.K. suffered from ADHD, medication had been effective in controlling M.K.'s symptoms.  (Tr. 24-25.)  The medical records of M.K.'s treating physician, Melissa Lemp, D.O., bear this out.  Dr. Lemp began seeing M.K. when he was five years old, (Tr. 375), and ADHD was first raised as a concern when M.K. was six, (Tr. 257.)  While Dr. Lemp has changed dosages and medications over time due to some ineffectiveness, *E.g.* (Tr. 263, 282, 283-85, 291, 359), the responses by M.K. have been overall good.  (Tr. 290, 341, 361-62, 368, 370.)  Importantly, Dr. Lemp concluded after her years of treating M.K. that M.K.'s prognosis for his ADHD was "excellent," that M.K. only suffered "less than marked" limitations, that Dr. Lemp didn't see ADHD as a disability, and that M.K. was  "very healthy boy."

Furthermore, M.K.'s first- and second-grade teachers' comments stand in contrast to Ms. Norman's testimony.  M.K.'s first-grade teacher noted no problems in any of the six domains.  (Tr. 132-39.)  In fact, she described M.K. as improving in every academic area.  (Tr. 139.)  M.K.'s second-grade teacher similarly found him to have no issues and specifically expressed surprise that M.K. suffered from

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

alleged anger issues.  (Tr. 218-225.)  The two teachers who answered

questionnaires taught M.K. for a portion of the period in which he received

treatment from Dr. Lemp.  (Tr. 132, 218.)  In light of the contrasting medical

evidence and statements by M.K.'s teachers, the Court finds ALJ Ausems provided

germane reasons to support the weight he gave Ms. Norman's testimony.

      In support of her conclusion that M.K. was only markedly limited in his

ability to acquire and use information, ALJ Ausems gave controlling weight to the

opinion of Dr. Lemp.  (Tr. 26.)  Dr. Lemp found that M.K. had a less than marked

limitation in acquiring and using information.  (Tr. 373.)  Treating physicians, such

as Dr. Lemp, are generally entitled to great weight, and "where the treating

doctor's opinion is not contradicted by another doctor, it may be rejected only for

'clear and convincing' reasons."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Here, Dr.

Lemp's determination was echoed by Dr. Layton at the hearing.  (Tr. 49-51.)

Additionally, Dr. Lemp's conclusion is substantially consistent the two childhood

disability determinations in the record, which are less favorable to a finding of

disability.  (Tr. 335, 345).  Given the consistency of the medical evidence, there is

ample evidence in the record to support ALJ Ausems' conclusion.

      To challenge the ALJ's conclusion, the Plaintiff submitted a record to the

appeals council after the ALJ issued her October 22, 2010, decision.  (Tr. 246.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

Where evidence is presented for the first time before the appeals council, this

Court should consider it when determining whether the ALJ's opinion is supported

by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157,

1163 (9th Cir. 2012).   The new record is comprised of a teacher questionnaire

dated December 12, 2010, and an undated letter, both of which come from M.K.'s

fifth-grade teacher, Monne Bellrock.  (Tr. 247-51.)  In the questionnaire, Ms.

Bellrock asserts that M.K. suffers a marked limitation in his ability to acquire and

use information.  (Tr. 247.)  In her letter, Ms. Bellrock asserts that M.K. has

exhibited various limitations in class, including difficulty following instructions,

difficulty paying attention, forgetfulness, and excessive talking.  (Tr. 251.)

      Considering Ms. Bellrock's opinion in light of all of the evidence in the

record, the Court finds that the ALJ's conclusion that M.K. had a less than marked

limitation in acquiring and using information was supported by substantial

evidence and free of legal error.  Reports procured after an adverse ALJ

determination are less persuasive than reports procured prior to such a

determination.  *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (citing *Weetman

v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)).  Additionally, Ms. Bellrock's opinion

stands against the consistent weight of the evidence, including the opinion of

M.K.'s treating physician, Dr. Lemp.  In order to overcome that uncontested

opinion, the Plaintiff would need to provide clear and convincing reasons.  *Lester*,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

81 F.3d at 830. Similarly, the testimony of Dr. Layton and the two childhood disability determinations stand in contrast to Ms. Bellrock's determination. (Tr. 49-51, 335, 345.) Accordingly, even taking into account Ms. Bellrock's opinion, the ALJ's decision was supported by substantial evidence. Therefore, the ALJ did not err in finding that M.K. had only a less than marked limitation in acquiring and using information.

**Attending and Completing Tasks**

The domain of "attending and completing tasks" is concerned with a child's ability to focus and maintain attention and ability to see tasks to completion. SSR 09-4p. A typically functioning school-age child is expected to (1) focus attention in a variety of situations; (2) concentrate on details and avoid careless mistakes; (3) change activities without distracting others; (4) sustain attention sufficiently to participate in group sports, read alone, or complete family chores; and (5) complete a transition task without extra reminders or supervision. SSR 09-4p.

As with the domain of acquiring and using knowledge, the ALJ's opinion relied heavily on the opinion of treating physician Dr. Lemp, who opined that M.K.'s was less then markedly limited in attending and completing tasks. (Tr. 373.) Similarly, both Dr. Layton and the two childhood disability determinations found that M.K. was less than markedly limited in this domain. (Tr. 50-51, 268, 335.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

The Plaintiff argues that the ALJ's decision is in error because M.K.'s medication is no longer controlling his ADHD.  ECF No. 20 at 19.  However, the most recent treatment records cited to by the Plaintiff  establish that Concerta was working in March 2010, (Tr. 361), and only duration and dosage were at issue as late as May 2010, (Tr. 359.)  The treating physician for both visits was Dr. Lemp, and Dr. Lemp's opinion as to M.K.'s functional limitations was issued after these visits.  (Tr. 359, 361, 373.)  The ALJ's decision accurately reflects the information in these 2010 treatment records.  (Tr. 26.)

The Plaintiff further argues that Ms. Bellrock's opinion contradicts the ALJ's conclusion.  While it is true that Dr. Lemp's opinion notes that M.K.'s teacher may know more about any limitation in the domain of attending and completing tasks, (Tr. 373), Ms. Bellrock provides the only opinion that supports a marked limitation in this area.  Her opinion stands in contrast not only to Dr. Lemp's but also to Dr. Layton's and to the two childhood disability determinations in the record.  (Tr. 50-51, 279, 346.)  Given the consensus of the medical record, including the opinion of treating physician Dr. Lemp, the Court finds that Ms. Bellrock's opinion is insufficient to overcome the evidence of record.  Therefore, the Court finds that substantial evidence supports the ALJ's decision that M.K. suffers only a less than marked limitation in the domain of attending and completing tasks.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

**Health and Physical Well-being**

Even if the Court were to accept the Plaintiff's argument with regard to M.K.'s limitations related to health and physical well-being, the Court would find, at best, a marked limitation in this area.  ECF No. 20 at 19, 25 at 6-7.  As the Court has affirmed the ALJ's finding of less than marked limitations in the domains of acquiring and using knowledge and attending and completing tasks, at best it would leave M.K. with one marked limitation in the six domains.  Functional equivalence requires marked limitations in two domains or an extreme limitation in one domain.  20 C.F.R. § 416.926a(a).  Accordingly, even if the Court were to accept Plaintiff's argument as to the domain of health and physical well-being, the Court would still affirm the decision of the ALJ.  Therefore, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1. The claimant's motion for summary judgment, ECF No. 20, is DENIED.

2. The Secretary's motion for summary judgment, ECF No. 24, is GRANTED.

3. JUDGMENT shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

**DATED** this 21st of October 2013.


_____s/ Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge